9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Lee SAMMONS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5796.
 United States Court of Appeals, Sixth Circuit.
 Oct. 18, 1993.
 
 1
 Before: NORRIS and SILER, Circuit Judges, and OAKES, Senior Circuit Judge*.
 
 ORDER
 
 2
 Michael Lee Sammons, a pro se federal prisoner, moves for release pending appeal and appeals the dismissal of his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Sammons was found guilty following a 1988 bench trial of violations of the Travel Act, possession with intent to distribute marijuana, importation of marijuana, and conspiracy to import and distribute marijuana. He was sentenced to twenty-two years imprisonment. His conviction was upheld by this court on direct appeal. United States v. Sammons, 918 F.2d 592 (6th Cir.1990). Previous unsuccessful motions to vacate his sentence have also been upheld on appeal to this court.
 
 
 4
 The district court dismissed the instant motion as successive. On appeal, Sammons concedes that he raised the issues presented here, denial of counsel of choice and enhancement of sentence based on prior unconstitutional convictions, both in his direct appeal and his previous motions. However, he argues that new facts and a change in the law excuse the successive nature of these claims.
 
 
 5
 Upon review, we conclude that Sammons has not established cause to allow consideration of the merits of the successive issues raised here. See Sawyer v. Whitley, 112 S.Ct. 2514, 2518 (1992).
 
 
 6
 The first claim raised by Sammons is that he was denied counsel of choice when funds, which he allegedly would have used to employ counsel, were seized from his car at the time of his arrest. On direct appeal, this court found that Sammons had no claim to the funds because they had subsequently been forfeited to the government. He now argues that he recently successfully challenged the forfeiture and received a return of the funds and that he is entitled to a new trial at which he can employ counsel of his choice. At his original trial, he insisted on proceeding pro se, although standby counsel was appointed. The Supreme Court has found that there is no "per se" ineffective assistance where counsel is appointed rather than retained because of forfeiture of assets. Rather, the defendant is limited to arguing ineffective assistance on appeal if it occurs. See Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 630-31 n. 7 (1989). Therefore, we find that the fact of the successful challenge to the forfeiture here does not require a new trial.
 
 
 7
 The second claim raised by Sammons is that his sentence was enhanced based on prior unconstitutional convictions. He raised this claim on direct appeal, and it was rejected for failure to show that the convictions were unconstitutional. Specifically, Sammons contends that his 1981 state convictions for kidnapping and burglary violated the Double Jeopardy Clause. The convictions resulted from his breaking into his ex-wife's home and kidnapping their daughter. His ex-wife had previously initiated contempt proceedings against him for violating their custody agreement based on his actions. Sammons contends that this issue should be revisited because of a change in the law, citing to United States v. Dixon, 113 S.Ct. 2849 (1993). However, Dixon does not support his claim. In that case, the defendants were under the unusual circumstances of being under court order not to commit criminal offenses. Id. at 2855. The Supreme Court upheld the convictions which survived the analysis first propounded in Blockburger v. United States, 284 U.S. 299, 304 (1932). Dixon, 113 S.Ct. at 2858-59. This is the same analysis which was applied by the Tennessee courts in rejecting a double jeopardy claim on direct appeal from the 1981 convictions. State v. Sammons, 656 S.W.2d 862 (Tenn.Crim.App.1982). Therefore, Sammons has not demonstrated a change in the law favorable to his argument, in order to establish cause for raising this successive claim.
 
 
 8
 For the foregoing reasons, the motion for release pending appeal is denied and the district court's dismissal of this motion to vacate sentence is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Oakes, Senior Circuit Judge, United States Court of Appeals for the Second Circuit, sitting by designation